UNITED STATES of America and William D. Lutgen, Revenue Agent, Internal Revenue Service, Petitioners,

v.

CARTER FAMILY TRUST, James R. Sattler, Trustee, Respondent.

UNITED STATES of America and William D. Lutgen, Revenue Agent, Internal Revenue Service, Petitioners,

v.

James R. SATTLER FAMILY TRUST, Helen Sattler, Trustee, Respondent.

UNITED STATES of America and William D. Lutgen, Revenue Agent, Internal Revenue Service, Petitioners,

v.

Jalen JE PEUX TRUST, Helen L. Sattler, Trustee, Respondent.

UNITED STATES of America and William D. Lutgen, Revenue Agent, Internal Revenue Service, Petitioners,

v.

James R. SATTLER and Helen L. Sattler, Respondent.

Nos. L 84–62 to L 84–65.

United States District Court, N.D. Indiana, Hammond Division.

Feb. 13, 1985.

David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for petitioners.

James R. Sattler, trustee, pro se.

Helen Sattler, trustee, pro se.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

These actions are presently before the court on the second motion for show cause order of petitioners, United States of America (the Government), and William D. Lutgen, Revenue Agent, Internal Revenue Service (IRS) filed July 30, 1984.

The facts underlying this cause are as follows. The Government served summonses for tax information on respondents, Carter Family Trust, James R. Sattler, Trustee, James R. Sattler Family Trust, Helen L. Sattler, Trustee, Jalen Je Peux Trust, Helen L. Sattler, Trustee, and James R. Sattler and Helen L. Sattler, (taxpayers) pursuant to 26 U.S.C. § 7602 on September 19, 1983. The taxpayers did appear at the offices of the IRS but they refused to provide the summonsed information.

The Government commenced these cases by filing petitions to enforce the IRS summonses pursuant to 26 U.S.C. § 7604 on May 16, 1984. In such motions, the Government requested this court to order respondents to show cause why they should not comply with the IRS summonses issued September 19, 1983 and to appear to give testimony with respect to their tax liability for the taxable years 1980 and 1981. The Government further requested costs for maintaining these actions. The court entered the order to show cause on May 16, 1984; however, the taxpayers did not comply with such order.

Thereafter, on August 22, 1984, this court once again ordered the taxpayers to appear and show cause why they should not be held in contempt of court for failing to obey this court's order of May 16, 1984. A show cause hearing was held on October 25, 1984 in Lafayette, Indiana, at which time the taxpayers did appear but without counsel. At that hearing, both parties were to supplement the record with any further briefs by November 11, 1984. A letter from the taxpayers was filed November 23, 1984.

## II.

■ In order to establish a right to summons enforcement, the IRS need only show:

1. the investigation is conducted pursuant to a legitimate purpose;
2. that the materials sought may be relevant to that purpose;
3. that the information being sought is not already in the possession of the IRS; and,
4. that all administrative steps required by the Internal Revenue Code with respect to summons have been followed.

*United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). *See also United States v. Kis*, 658 F.2d 526, 536 (7th Cir.1981). The requisite showing is generally made by the affidavit of the Agent who issued the summons and who is seeking enforcement.

Indeed, no more than that is necessary to make the *prima facie case*. *Kis*, 658 F.2d at 536. Moreover, the threshold of relevance is a low one. *Id.* at 537. Internal Revenue Code § 7602, 26 U.S.C. § 7602 authorizes the IRS, in the course of an audit, to "examine any books, papers, records, or other data which *may* be relevant ... to such inquiry" (emphasis added). Thus, "the government need show only that inspection of the desired record 'might throw light' upon the correctness of the taxpayer's return and liabilities." *Kis*, 658 F.2d at 537.

■ In support of its enforcement motion in each of the above captioned cases, the Government filed a Declaration by William D. Lutgen, the Internal Revenue Agent who issued the summonses and who is conducting the IRS tax investigation. That declaration is sufficient to establish the requisite standards for enforcement of the summonses.

■ Once the government has established its *prima facie* case, the taxpayer must answer the government's case alleging specific facts in rebuttal, facts that permit at least an inference that some wrongful conduct by the government exists. Mere allegations of bad faith will not suffice, nor will legal conclusions or memoranda of law. *Kis*, 658 F.2d at 539. The taxpayers must prove that "the government has abandoned in the institutional sense its pursuit of possible civil penalties." *Id.* at 538.

The taxpayers in this case have made no such showing. They base their refusal to comply with the IRS summonses on The Privacy Act, 5 U.S.C. § 552a. Both at the October 25, 1984 hearing and in their November 19, 1984 letter to this court, the taxpayers have contended that The Privacy Act requires that the IRS submit a notice of some type stating the purpose for which information is sought. They further argue that the IRS is intent on subjecting them to an "illegal fishing expedition" the results of which may be used "to concoct charges" of a criminal nature against them. *See* Transcript of Show Cause Hearing of October 25, 1985 at pp. 9–10.

The court finds the arguments of the taxpayers to be without merit. As discussed above, the Government has established its prima facie case by meeting the standards set out in *Powell, supra,* and *Kis, supra,* for enforcement of the summonses. The taxpayers' arguments are tantamount to mere allegations of bad faith, evidence held to be insufficient to rebut the government's case under the standards set forth in *Kis, supra.* Moreover, taxpayers' reliance on The Privacy Act is misplaced. The purposes of The Privacy Act is to protect citizens against improper disclosure of information about them that may be held by government agencies; it was not intended to be used to shield individuals from compliance with disclosure requirements mandated by law.

Accordingly, it is the order of this court that the taxpayers COMPLY with the summonses issued by the Government on September 19, 1983 at a date and time designated by the IRS upon receipt of this order. The Government's petition for costs is DENIED. The court further notes this record reflects that the taxpayers chose to ignore a prior order of this court issued May 16, 1984; the taxpayers are here advised that this court expects strict compliance with this order. A failure to comply will result in a fine, imprisonment or both, together with the costs of prosecution, pursuant to 26 U.S.C. § 7210. SO ORDERED.